IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIKE SHALES, JOHN P. BRYAN, AL OROSZ, DAN BREJC, TOBY KOTH and VERN BAUMAN as Trustees of THE FOX VALLEY LABORERS' HEALTH AND WELFARE FUND, and MIKE SHALES, JOHN P. BRYAN, AL OROSZ, DAN BREJC, TOBY KOTH and VERN BAUMAN as Trustees of THE FOX VALLEY & VICINITY LABORERS' PENSION FUND,<br><br>     Plaintiffs,<br> v.<br><br>SCHROEDER ASPHALT SERVICES, INC., BRENT SCHROEDER, individually and d/b/a SCHROEDER SEALCOATING, and STACY SCHROEDER, individually and d/b/a SCHROEDER SEALCOATING,<br><br>     Defendants. | No. 12 C 6987<br><br>Hon. Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Mike Shales, John P. Bryan, Al Orosz, Dan Brejc, Toby Koth and Vern Bauman as Trustees of the Fox Valley Laborers' Health and Welfare Fund and the Fox Valley & Vicinity Laborers' Pension Fund (collectively the "Funds") filed a First Amended Complaint against Defendants Schroeder Asphalt Services, Inc., Brent Schroeder and Stacy Schroeder and Schroeder Sealcoating to collect unpaid benefit contributions and industry fund contributions allegedly owed the Funds. The Defendants moved to dismiss the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and for lack of subject-matter jurisdiction under Fed. R.

Civ. P. 12(b)(1). For the reasons set forth below, the Court grants the motion in part and denies it in part.

## BACKGROUND

The following facts are taken from the Funds' Complaint and are assumed to be true for purposes of this Motion to Dismiss. *See Voelker v. Porsche Cars North America, Inc.,* 353 F.3d 516, 520 (7th Cir. 2003); *Murphy v. Walker,* 51 F.3d 714, 717 (7th Cir. 1995). Defendant Schroeder Asphalt is a party to successive collective bargaining agreements with the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). (*See* First Amended Complaint, Doc. 28 at ¶ 6.) Those agreements require Schroeder Asphalt to make monthly contributions to the Funds for health, welfare, and pension benefits for Schroeder's employees who work within the jurisdiction of the Union. (*Id.*) The monthly contribution amount that Schroeder Asphalt is obligated to pay depends on the amount of hours worked by Schroeder's union employees. (*Id.*)

Schroeder Asphalt sought to avoid these obligations by having Schroeder Sealcoating, a sole proprietorship owned by Brent and Stacy Schroeder, pay wages owed to Schroeder Asphalt employees from a Schroeder Sealcoating bank account. (*Id.* at ¶ 15.) Since these wages were paid by Schroeder Sealcoating, Schroeder Asphalt did not record these payments or the corresponding hours worked in its payroll records. (*Id.*) The alleged purpose of this maneuver was to conceal the true amount of hours worked by Schroeder Asphalt's employees from the Union and the Funds in an effort to reduce Schroeder Asphalt's benefit contribution obligations. (*Id.*) The Funds learned of the alleged scheme when Schroeder Asphalt employees reported it to the Union in 2012. (*Id.* at ¶ 29.)

As a result, the Funds filed a complaint, subsequently amended, against Schroeder Asphalt, Brent and Stacy Schroeder, and the Schroeders' unincorporated sole proprietorship Schroeder Sealcoating. The first count alleges that Schroeder Asphalt is liable to the Funds for breaching the collective bargaining agreement by failing to make the requisite benefit contributions. The second count alleges that Schroeder Asphalt and Schroeder Sealcoating operated as a single employer, thereby making the two companies liable for each other's obligations. The second count also alleges that Brent and Stacy Schroeder are personally liable for the unpaid contributions because Schroeder Sealcoating is an unincorporated sole proprietorship.

The Complaint also seeks to hold the Defendants liable for failing to make contributions to other entities that are not named parties to this litigation. Specifically, the Complaint alleges that the collective bargaining agreement required Schroeder Asphalt to also make contributions to the Laborers' District Council Labor-Management Cooperation Committee ("LMCC"), the Chicago Area Laborers-Employers Cooperation and Education Trust ("LECET"), and the Illinois Small Pavers Association ("ISPA"). (*Id.* at ¶ 9.)

## **LEGAL STANDARD**

When considering a motion to dismiss under Rule 12(b)(6) the Court accepts as true all of the well-pled facts alleged in the complaint and construes all reasonable inferences in favor of the nonmoving party. *See Killingsworth v. HSBC Bank Nevada, N.A.,* 507 F.3d 614, 619 (7th Cir. 2007) (citing *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006)); *accord Murphy*, 51 F.3d at 717. To state a claim upon which relief can be granted a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when

3

"accepted as true . . . state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotations omitted). In analyzing whether a complaint meets this standard the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. When the factual allegations are well-pled the Court assumes their veracity and then determines if they plausibly give rise to an entitlement to relief. *See id.* at 679. A claim has facial plausibility when the factual content plead in the complaint allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See id.* at 678.

Additionally, where a plaintiff fails to assert standing, "relief from [the] court is not possible, and dismissal under 12(b)(1) is the appropriate disposition." *Am. Fed'n of Gov't Employees, Local 2119 v. Cohen,* 171 F.3d 460, 465 (7th Cir. 1999) (internal citation omitted). Thus, the Plaintiff has the burden to sufficiently assert standing to accommodate the Court's subject matter jurisdiction. *See United Phosphorus, Ltd. v. Angus Chem. Co.,* 322 F.3d 942, 946 (7th Cir. 2003) (internal citation omitted). In assessing a facial standing challenge at the pleadings stage, the Court looks no further than the allegations in the complaint and accepts all such allegations as true. *See Apex Digital, Inc. v. Sears, Roebuck & Co.,* 572 F.3d 440, 443-44 (7th Cir. 2009).

**DISCUSSION**

I. **The Complaint Adequately States a Claim against Schroeder Asphalt for Failure to Pay Contributions**

Count I of the Funds' Complaint alleges that Schroeder Asphalt violated § 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1145, and § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, by failing to submit timely and

accurate reports and contributions to the Funds. Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under...the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of....such agreement." 29 U.S.C. § 1145. Section 301 of ERISA provides in relevant part that a breach of a collectively bargained agreement between a union and an employer is actionable. *See* 29 U.S.C. § 185; *see also Sullivan v. William A. Randolph, Inc.,* 504 F.3d 665, 667 (7th Cir. 2007) (overruled on other grounds in *Pakovich v. Verizon Ltd. Plan,* 653 F.3d 488 (7th Cir. 2011)); *IBEW, Local 481 v. Sign-Craft, Inc.,* 864 F.2d 499, 503 (7th Cir. 1988). Third party beneficiaries to these types of agreements, such as the Funds, may sue under these provisions to recover required contributions in federal court. *See Line Constr. Benefit Fund v. Allied Elec. Contractors, Inc.,* 591 F.3d 576, 579-80 (7th Cir. 2010); *Central States, Southeast & Southwest Areas Pension Fund v. Gerber Truck Service, Inc.,* 870 F.2d 1148, 1151 (7th Cir. 1989) (third-party beneficiaries to union contracts may sue on obligations created for employers by face of contract).

The Funds' Amended Complaint clearly alleges sufficient facts to provide Schroeder Asphalt with fair notice of its alleged violations of these provisions. Specifically, the Complaint alleges that Schroeder Asphalt entered into a collective bargaining agreement with the Union. The CBA requires Schroeder Asphalt to make monthly contributions to the Funds for health, welfare and pension benefits. Between November 1, 2010 and June 1, 2012, Schroeder Asphalt avoided making those contributions by using a related company, Schroeder Sealcoating, to pay wages for certain hours worked so that those hours were not recorded in Schroeder Asphalt's payroll records. These allegations are sufficient to meet the requirements of Federal Rule of Civil Procedure 8(a) for purposes of pleading violations of ERISA § 515 and LMRA § 301.

Contrary to Defendant's assertion, the Funds are not required to allege specific details regarding the specific dates of the schemes, the specific employees involved or the specific amount of hours worked to sufficiently state a claim as Defendant suggests. *See Thornton v. Evans,* 692 F.2d 1064, 1082 (7th Cir. 1982) ("Although the elements of common law fraud are typically pleaded in detail to comply with Rule 9(b), these elements are not required here since plaintiffs' cause of action is predicated upon ERISA, not the common law."); *see also, e.g., Smith v. Aon Corp.,* No. 04 C 6875, 2006 WL 1006052, at *6 (N.D. Apr. 12, 2006) ("Although these allegations do contain characteristics of fraud or misrepresentation, 'allegations similar to fraud do not implicate Rule 9(b) where the gravaman of [the] claim is grounded in ERISA.") (internal citations and quotations omitted); *but see In re Sears Roebuck & Co. ERISA Litigation,* No. 02 C 8324, 2004 WL 407007, at *6 (N.D. Ill. Mar. 3, 2004) (holding Rule 9(b) applies to ERISA cases that allege misrepresentation); *Adamczyk v. Lever Bros. Co.,* 991 F. Supp. 931, 939 (N.D. Ill. 1997) (same).

Even if the Funds were required to plead with particularity, they have sufficiently alleged the "who, what, when, where and how" for purposes of Federal Rule of Civil Procedure 9(b). *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.,* 631 F.3d 436, 441-42 (7th Cir. 2011). The Amended Complaint alleges that Schroeder Asphalt's misrepresentations occurred between November 1, 2010 and December 1, 2012. *See, e.g., Pressalite Corp. v. Matsushita Elec. Corp. of Am.,* No. 02 C 7086, 2003 WL 1811530, at *9 (N.D. Ill. Apr. 4, 2003) (stating that "[t]o plead the when requirement properly, a plaintiff need not identify the precise time at which an alleged misrepresentation was made but may provide a 'general time.'") (internal citation omitted). The Funds alleged the perpetrator was Brent Schroeder. Finally, they sufficiently alleged the contents of the scheme by alleging that

6

Schroeder Asphalt avoided making the required benefit contributions by using Schroeder Sealcoating to pay wages for hours worked by Schroeder Asphalt employees so that those hours were not recorded in Schroeder Asphalt's payroll records.

Moreover, the fact that certain of the Funds' allegations are pled on "information and belief" does not render the Funds' Amended Complaint insufficient. *See Brown v. Budz,* 398 F.3d 904, 194 (7th Cir. 2005) (quoting *Tankersley v. Albright,* 514 F.2d 956, 964 n.16 (7th Cir. 1975)) (holding that a pleading "cannot be faulted for [its] reliance on 'information and belief,'" especially, "[w]here pleadings concern matters peculiarly within the knowledge of the defendants"); *see also, e.g., Simonian v. Blistex,* No. 10 C 01201, 2010 WL 4539450, at *3 (N.D. Ill. Nov. 3, 2010) (finding that pleading on information and belief is not improper when information lies uniquely within the control of the defendant); *Frerck v. Pearson Education, Inc.,* No. 11 C 5319, 2012 WL 1280771, at *3 (N.D. Ill. Apr. 16, 2012) (same).[1]

Indeed, the only allegation made on "information and belief" with respect to the Funds' unpaid contributions claim is that Schroeder Asphalt has not properly reported and paid contributions to the Funds. (*See* Doc. 28 at ¶ 13.) Actual knowledge of whether Schroeder Asphalt properly reported and paid contributions is peculiarly within the knowledge of the Defendants because the Funds do not have access to all of Schroeder Asphalt's and Schroeder Sealcoating's books and records. However, by describing the alleged scheme in the Complaint,

---

[1] After the Seventh Circuit issued the *Brown* opinion, the Supreme Court issued its opinions in *Twombly* and *Iqbal,* which heightened the pleading requirements under Rule 8. However, *Twombly* and *Iqbal* do not affect the holding in *Brown* that allegations can be pled on information and belief. *See, e.g., Arista Records, LLC v. Doe 3,* 604 F.3d 110, 120 (2d Cir. 2010) ("The *Twombly* plausibility standard, which applies to civil actions, does not prevent a plaintiff from pleading facts alleged 'upon information and belief' where the facts are peculiarly within the possession and control of the defendant."); *Simonian,* 2010 WL 4539450, at *3; *Frerck,* 2012 WL 1280771, at *3.

the Funds alleged sufficient support for their belief that Schroeder Asphalt failed to properly report and pay contributions. Accordingly, this claim is sufficient to withstand Defendant's Rule 12(b)(6) challenge.[2]

## II. The Amended Complaint Adequately States a Claim Against the Defendants Under the Single Employer Doctrine

Count II of the Funds' Amended Complaint asserts a single employer liability claim against Defendants Brent and Stacy Schroeder d/b/a Schroeder Sealcoating and Schroeder Asphalt. This doctrine provides that "when two entities are sufficiently integrated, they will be treated as a single entity for certain purposes." *Central Illinois Carpenters Health and Welfare Trust Fund v. Olsen,* 467 Fed. Appx. 513, 517 (7th Cir. 2012) (quoting *Moriarty v. Svec,* 164 F.3d 323, 332 (7th Cir. 1998)). If Schroeder Asphalt and Schroeder Sealcoating[3] are determined to constitute a single entity, Brent and Stacy Schroeder would be jointly and severally liable for contributions owed to the employees covered by the Schroeder Asphalt collective bargaining agreement. *See id.* ("if two entities qualify as 'single employer,' then each business is required to make health and welfare contributions as mandated by a governing CBA, even if one entity

---

[2] The Defendants also argue that the Complaint should be dismissed because the Funds did not attach a copy of the collective bargaining agreement as an exhibit to the Complaint. This argument fails because Rules 8(a) and 12(b)(6) do not impose an obligation on a plaintiff to attach to a complaint a document upon which the action is based. *See Venture Assocs. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir. 1993).

[3] Schroeder Sealcoating is not itself a distinct legal entity. Rather, Schroeder Sealcoating is simply descriptive of Brent and Stacy Schroeder operating a business as individuals. *See, e.g., General Ins. Co. of Am. v. Clark Mall, Corp.,* 631 F. Supp. 2d 968, 973 (N.D. Ill. 2009) ("Generally, the designation 'd/b/a' or 'doing business as' is merely descriptive of the person or corporation doing business under some other name and does not create a distinct entity.") (internal citations omitted); *Joe Hand Promotions, Inc. v. Donald L. Jorgenson,* No. 12 C 159, 2013 WL 64629, at *2 (E.D. Wis. Jan. 4, 2013) (same) (internal citations and quotations omitted). Therefore, the relevant question is whether Brent and Stacy Schroeder and Schroeder Asphalt qualify as a single employer. The Court will however refer to Brent and Stacy Schroeder as Schroeder Sealcoating in this opinion for ease of reference.

did not sign the CBA."). In reaching a determination as to whether two entities constitute a single employer, courts analyze whether: (1) there are interrelated operations; (2) there is common management; (3) there is centralized control of labor relations; and (4) there is common ownership. *See id.* (citing *South Prarie Construction Co. v. Local No. 627, International Union of Operating Engineers, AFLCIO,* 425 U.S. 800, 802 n.3 (1976)); *Trustees of the Pension, Welfare and Vacation Fringe Benefit Funds of IBEW Local 701 v. Favia Electric Company, Inc.,* 995 F.2d 785, 788 (7th Cir. 1993); *see also, e.g., Chicago Regional Council of Carpenters Pension Fund v. McGreal Construction, Inc.,* No. 12 C 1795, 2012 WL 5921140, at *3 (N.D. Ill. Nov. 26, 2012) (same) (internal citations and quotations omitted); *Anderson v. Liles,* 774 F. Supp. 2d 902, 909 (N.D. Ill. 2011) (same) (internal citations omitted). However, a plaintiff is not required to establish every factor in order for a court to find two entities constitute a single employer. *See Esmark, Inc. v. N.L.R.B.,* 887 F.2d 739, 753 (7th Cir. 1989); *see also, e.g., McGreal Construction,* 2012 WL 5921140, at *3 ("A single employer finding does not require every factor to be met.").

The Funds allege sufficient facts to support a finding that Schroeder Asphalt and Schroeder Sealcoating constitute a single employer. First, they allege common management and ownership between the two entities because both are owned and managed by Brent Schroeder. (Doc. 28 at ¶ 23.) The Funds also plead the existence of common management by alleging that employees "received direction at work from the same individual managers and supervisors, regardless of whether the employees were receiving wages from Schroeder Sealcoating or Schroeder Asphalt for that specific work." (*Id.* at ¶ 27.) Finally, the Funds allege the existence of interrelated operations because both entities operate from the same business location and use the same equipment. (*Id.* at ¶¶ 24-25.) These allegations are sufficient to assert a claim for

unpaid contributions under the single employer doctrine. *See, e.g., McGreal Construction,* 2012 WL 5921140, at *3-4 (finding plaintiff adequately alleged single employer claim where it "alleged three of the four single employer factors: interrelation of operations, common management, and common ownership between McGreal and West"); *R.R. Maintenance & Industrial Health & Welfare Fund v. Hacker,* No. 10 C 3305, 2011 WL 5008311, at *7 (C.D. Ill. Oct. 20, 2011) (finding plaintiffs sufficiently alleged single employer claim where they did not allege common management but alleged that the two entities were in the same fields, share a significant number of employees and shared equipment.).

Defendants' contentions to the contrary are unavailing. First, Defendants raise the same objection to the allegations pleaded on "information and belief" as they did with respect to Count I. This objection fails for the same reasons set forth above. *See, e.g., Simonian,* 2010 WL 4539450, at *3 (stating that pleading on information and belief is not improper, "especially when information lies uniquely within the control of the defendant."). The Funds alleged upon information and belief that there was common management and interrelated operations. This information is particularly within the control of the Defendants. The Funds also alleged facts that support their belief such as the fact that Brent Schroeder owns Schroeder Asphalt and is the proprietor of Schroeder Sealcoating, the two businesses operate from the same location and use the same equipment.

Second, Defendants argue that the single employer claim should fail because this Court lacks jurisdiction to bind Schroeder Sealcoating to the terms of the collective bargaining agreement entered into by Schroeder Asphalt and the Union. According to the Defendants, the CBA can only be enforced against Schroeder Sealcoating if the employees of Schroeder Asphalt

and Schroeder Sealcoating comprise a single bargaining unit. However, according to Defendants, only the National Labor Relations Board may make this determination.

This nonsensical argument fails because courts clearly have jurisdiction to hold a third-party liable for unpaid benefit contributions owed by a signatory to a collective bargaining agreement if the third-party entity and the signatory constitute a single employer. *See, e.g., Olsen,* 467 Fed. Appx. at 520 (affirming district court's grant of summary judgment that entities constituted "single employer" and each are liable for unpaid benefit contributions); *NECA-IBEW Pension Trust Fund v. Bays Electric Inc.,* 894 F. Supp. 2d 1071, 1087 (C.D. Ill. 2012) (holding that entities that were found to constitute single employers are liable for contribution obligations of entities that entered into collective bargaining agreement); *Anderson,* 774 F. Supp. 2d at 909-910 (same).

Indeed, Defendants only cite one factually distinct, seventeen year old case in support of their argument. In *Laborer's Pension Fund v. Cachey,* the court held that it lacked jurisdiction to bind a third party entity to a collective bargaining agreement entered into between a separate entity and a union despite the fact the third party entity and the signatory entity constituted a single employer. *See* 947 F. Supp. 365 (N.D. Ill. 1996). However, this was because the plaintiff union was also attempting to hold the third party entity liable for contributions allegedly owed to the separate, non-union employees of the third party entity, not just for contributions owed by the signatory entity to the plaintiff union. *See id.* at 369-71. The court held it lacked jurisdiction to make this determination because it could not hold the third party employer liable for contributions owed to its own employees under a collective bargaining agreement that neither were party to unless it determined that non-union employees were part of the union bargaining unit that was owed obligations under the relevant collective bargaining agreement. *Id.* The court

11

could not make this determination because bargaining unit determinations are within the sole jurisdiction of the NLRB. *Id.*

*Cachey's* holding is irrelevant to this case because Plaintiffs are not seeking to hold Schroeder Sealcoating liable for contributions allegedly owed to Schroeder Sealcoating's own employees. Plaintiffs are seeking to hold Schroeder Sealcoating liable for contributions owed to Schroeder Asphalt's employees pursuant to the collective bargaining agreement entered into between Schroeder Asphalt and the Union. This Court has jurisdiction to make that determination. *See, e.g., Olsen,* 467 Fed. Appx. at 520.

### III. The Funds Lack Standing to Assert Claims On Behalf of Separate Entities

Defendants' final argument is that the Funds do not have standing to assert claims on behalf of the LMCC, LECET and ISPA. "Standing is an essential component of Article III's case-or-controversy requirement." *Apex Digital, Inc.,* 572 F.3d at 443. A plaintiff has the burden of establishing standing to accommodate the Court's subject-matter jurisdiction. *See United Phosphorous, Ltd.,* 322 F.3d at 946. Generally, a plaintiff does not have standing to sue in federal court to enforce someone else's legal rights. *See Mainstreet Org. of Realtors v. Calumet City,* 505 F.3d 742, 746 (7th Cir. 2007) (holding that plaintiffs' lawsuit was barred by the principle that "one cannot sue in federal court to enforce someone else's legal rights."). While this rule is not absolute, a third party should only be allowed to assert the rights of another when: (1) "the party asserting the right has a close relationship with the person who possesses the right"; and (2) "there is a hindrance to the possessor's ability to protect his own interests." *Kowalski v. Tesmer,* 543 U.S. 125, 129-30 (2004) (citing *Powers v. Ohio,* 499 U.S. 400, 411 (1991)); *see also Kawasaki Heavy Industries, Ltd. v. Bombardier Recreational Products, Inc.,* 660 F.3d 988, 999 (7th Cir. 2011) (holding that plaintiff lacked standing to assert claim on behalf

of another because they failed to show that the non-suing party was "somehow hindered from protecting her own interests").

In this case, the Funds do not dispute that LMCC, LECET and ISPA are entities that are separate and distinct from the Funds. Therefore the Funds only have standing to sue on their behalf if: (1) there is commonality of interest; and (2) LMCC, LECET or ISPA are hindered in asserting their claims. While the Court may infer a commonality of interest because the Funds, LMCC, LECET and ISPA are all benefit funds that serve the interests of the Union's employees, the amended complaint is devoid of any allegations demonstrating LMCC, LECET or ISPA are hindered in protecting their own interests. Without this showing, the Funds lack standing to assert LMCC's, LECET's or ISPA's rights. *See Kawasaki,* 660 F.3d at 999 ("The exception to this rule requires a party seeking third-party standing to show, inter alia, that the possessor of the right is somehow hindered from protecting her own interests. BRP has not attempted to make this showing, and thus, BRP cannot argue on behalf of the non-signatories' rights."); *cf Trustees of the Chicago Painters and Decorators Pension, Health and Welfare and Deferred Savings Plan Trust Funds v. Salma Darwan,* No. 01 C 2458, 2004 WL 2646667, at *4-5 (N.D. Ill. Nov. 19, 2004) (holding that multiemployer benefit funds lack standing to assert claims for contributions owed under a collective bargaining agreement to members of a separate union). All claims brought on behalf of LMCC, LECET and ISPA must, therefore, be dismissed.

The Funds' arguments to the contrary are meritless. Despite the fact that it is their burden to sufficiently allege standing, the Funds fail to articulate any reason as to why LMCC, LECET or ISPA are hindered in protecting their own rights. Instead, the Funds assert that "Defendants have cited no authority holding that one benefit fund cannot authorize another benefit fund to collect delinquencies on its behalf." (Doc. 39 at 6.) Such a conclusory assertion

13

is insufficient by itself to establish standing. *See Simon v. Eastern Kentucky Welfare Rights Org.,* 426 U.S. 26, 43 (1976) (holding that more than "unadorned speculation" and conclusory allegations are required to establish standing); *see also, e.g., General Produce Distributors, Inc. v. Professional Benefit Trust Multiple Employer Welfare Benefit Plan & Trust,* No. 08 C 5681 (N.D. Ill. Aug. 7, 2009) (conclusory assertions are insufficient to establish standing to sue); *Chavez v. Illinois State Police,* No. 94 C 5307, 1999 WL 592187, at *3 (N.D. Ill. Aug. 2, 1999) ("To the extent the allegations in the complaint directed at the plaintiffs' standing are conclusory...the court may disregard them."). Moreover, it fails to address the required showing of a hindrance to LMCC, LECET or ISPA necessary for the Funds to have standing to assert claims on their behalf. Accordingly, to the extent the Funds seek to assert claims on behalf of LMCC, LECET and ISPA, those claims are dismissed pursuant to Rule 12(b)(1).[4]

---

[4] The Plaintiffs also argue that standing exists because third-party beneficiaries to union contracts may sue on obligations created for employers by the face of the contract. This is incorrect. While a third-party beneficiary to a union contract may sue an employer for obligations owed under the contract when the employer's actions damage the third-party's interests, *see Allied Elec. Contractors, Inc.,* 591 F.3d at 579-80, this legal principle does not allow them to sue to protect the interests of a separate beneficiary of the contract. *See, e.g., Darwan,* 2004 WL 2646667, at *4-5.

## CONCLUSION

For the reasons set forth above, the motion to dismiss is granted in part and denied in part. All claims asserted by the Funds on behalf of other, non-party entities are dismissed with prejudice. The remainder of the motion to dismiss is denied. Since the Court has denied the motion with respect to the claims asserted by the Funds on their own behalf, the Court will set a discovery schedule shortly. Accordingly, the Funds' motion to reopen discovery (Doc. 51.) is denied as moot.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: May 21, 2013