IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIKE SHALES, JOHN P. BRYAN, AL OROSZ, DAN BREJC, TOBY KOTH and VERN BAUMAN as Trustees of THE FOX VALLEY LABORERS' HEALTH AND WELFARE FUND, and MIKE SHALES, JOHN P. BRYAN, AL OROSZ, DAN BREJC, TOBY KOTH and VERN BAUMAN as Trustees of THE FOX VALLEY & VICINITY LABORERS' PENSION FUND, <br><br> Plaintiffs, <br> v. <br><br> SCHROEDER ASPHALT SERVICES, INC., BRENT SCHROEDER, individually and d/b/a SCHROEDER SEALCOATING, and STACY SCHROEDER, individually and d/b/a SCHROEDER SEALCOATING, <br><br> Defendants. | No. 12 C 6987 <br><br> Hon. Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Mike Shales, John P. Bryan, Al Orosz, Dan Brejc, Toby Koth and Vern Bauman as Trustees of the Fox Valley Laborers' Health and Welfare Fund and the Fox Valley & Vicinity Laborers' Pension Fund (collectively the "Funds") filed a Motion to Reconsider this Court's decision dismissing with prejudice their claims against Defendants Schroeder Asphalt Services, Inc., Brent Schroeder and Stacy Schroeder and Schroeder Sealcoating made on behalf of the Laborers' District Council Labor-Management Cooperation Committee ("LMCC"), the Chicago Area Laborers-Employers Cooperation and Education Trust ("LECET"), and the Illinois

Small Pavers Association ("ISPA") (collectively the "Affiliated Entities"). For the reasons stated below, the Funds' motion is granted.

## BACKGROUND

The Funds filed a two-count Amended Complaint against the Defendants on October 25, 2012. The Amended Complaint alleges that the Defendants failed to submit reports and pay contributions to the Funds in violation of Section 515 of the Employee Retirement Income Security Act of 1947 ("ERISA"), 29 U.S.C. § 1145 and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185. (Dkt. No. 28 at ¶ 16.) Specifically, the Funds alleged that they are multiemployer benefit plans, and that the Defendants entered into a collective bargaining agreement ("CBA") with the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union") containing provisions requiring contribution payments to the Funds and the Affiliated Entities. (*Id.* at ¶¶ 1, 5–8.) The Defendants moved to dismiss the Amended Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1). The Court granted the Defendants' motion in part, dismissing with prejudice the claims brought by the Funds to collect amounts the Defendants allegedly owed to the Affiliated Entities arising out of the CBA. *Shales v. Schroeder Asphalt Servs., Inc.*, 2013 WL 2242303, *6–8 (N.D. Ill. May 21, 2013). The Funds filed the present Motion to Reconsider on June 18, 2013.

## LEGAL STANDARD

This Court's decision dismissing the Funds' claims on behalf of the Affiliated Entities did not dispose of this case in its entirety. The Defendants' motion to reconsider is therefore reviewed under Fed. R. Civ. P. 54(b), which states:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

*See also Chi. Reg'l Council of Carpenters v. Prate Installations, Inc.*, 2011 WL 2469820, at *1 (N.D. Ill. June 20, 2011). A non-final order is modifiable at the Court's discretion, and at any time before entry of a final judgment. *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983) (stating that "every order short of a final decree is subject to reopening at the discretion of the district judge"). Nevertheless, motions to reconsider (or revise) will only be granted "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269–70 (7th Cir. 1996); *see also Telewizja Polska USA, Inc. v. Echostar Satellite Corp.*, 2005 WL 289967, at *1 (N.D. Ill. Feb. 4, 2005). A manifest error of law is "the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted).

## **DISCUSSION**

The Funds' claims on behalf of the Affiliated Entities were dismissed because the Court did not find that the Funds alleged sufficient facts to show the Court had subject-matter jurisdiction over them pursuant to Fed. R. Civ. P. 12(b)(1). *Shales*, 2013 WL 2242303 at *6–8. The Court properly stated the legal framework for a motion to dismiss for failure to state a claim under Rule 12(b)(6) and for lack of standing under Rule 12(b)(1). *Id.* at *2. However, when analyzing the Funds' standing to assert claims on behalf of the Affiliated Entities, the Court did

not consider the pertinent ERISA and LMRA statutes that convey standing to fiduciaries and third-party beneficiaries of employee benefit funds, respectively. *Id.* at *2, *6–8.

ERISA permits fiduciaries of employee benefit plans to sue for the collection of delinquent contributions to those plans. *Line Const. Ben. Fund v. Allied Elec. Contractors, Inc.*, 591 F.3d 576, 578–79 (7th Cir. 2010) (citing 29 U.S.C. § 1132). A plan's fiduciary is identifiable by his ability to: (1) exercise "discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets;" (2) render "investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so;" or (3) exercise "discretionary authority or discretionary responsibility in the administration of such plan." *Id.* at 579 (quoting 29 U.S.C. § 1002(21)(A)).

The LMRA applies for the Affiliated Entities that are not ERISA benefit funds. Section 301 of the LMRA creates the civil right to enforce contract breaches between employers and labor organizations representing employees. 29 U.S.C. § 185(a). This right has long been understood to grant the trustees of employee benefit funds standing to sue an employer for breach of a contract or a collective bargaining agreement. *See Laborers' Pension Fund v. Nat'l Wrecking Co.*, 1994 WL 513589, *13 n.5 (N.D. Ill. Sept. 16, 1994) (citing *Lewis v. Quality Coal Corp.*, 243 F.2d 769, 772–73 (7th Cir. 1957)). The trustees of an employee benefit fund may enforce the entirety of the agreement, not just certain provisions. *See Woldman v. Cnty. Line Cartage, Inc.*, 2003 WL 22995161, *3 (N.D. Ill. Dec. 16, 2003) (finding that if a trustee of an employee benefit fund may sue to enforce part of a contract, it may do so to enforce the entire contract). Permitting this enforcement of the entire agreement by either the union or the trustee

of the employee benefit fund is not counter to public policy because the union members still benefit regardless of who enforces their CBA. *See Nat'l Wrecking Co.*, 1994 WL 513589 at *13 n.5.

Here, the Funds allege they are multiemployer benefit plans that have been authorized by the Affiliated Entities to collect amounts owed to them by the Defendants under the CBA. (Dkt. No. 28 at ¶¶ 1, 7, 9.) They further allege that the CBA requires the Defendants to make payments to the Affiliated Entities, but that the Defendants did not make these payments between November 1, 2010 and June 1, 2012. (Dkt. No. 28 at ¶¶ 1–14.) Alleging these facts is sufficient to establish the Funds' right to enforce the entire CBA, including the payments the Defendants agreed to make to Affiliated Entities that are not ERISA benefit funds. *See Woldman*, 2003 WL 22995161 at *3. The Funds need not present evidence of this authorization at the pleadings stage. *See Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). Instead, "In assessing a facial standing challenge at the pleadings stage, the Court looks no further than the allegations in the complaint and accepts all such allegations as true." *Shales*, 2013 WL 2242303 at *2 (citing *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009)). The Court therefore finds that the Funds have alleged facts sufficient to show their standing to assert the Affiliated Entities' claims, and reverses its prior decision dismissing these claims. *See, e.g. Laborers' Pension Fund v. Safe Envtl. Corp.*, 2013 WL 1874197 (N.D. Ill. May 3, 2013); *Laborers' Pension Fund v. Safe Envtl. Corp.*, 2013 WL 3200070 (N.D. Ill. June 24, 2013).

## **CONCLUSION**

For the reasons set forth above, the Funds' Motion to Reconsider is granted and, therefore, the Defendants' Motion to Dismiss is denied in its entirety.

                                                      _____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: December 30, 2013